UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KIMBERLY WEBB, §
　　　　　　　　　　　　　　　§
　　　　Plaintiff, §
VS. § CIVIL ACTION NO. 4:17-CV-03829
　　　　　　　　　　　　　　　§
CITY OF HUNTSVILLE POLICE §
DEPARTMENT, *et al*, §

　　　　Defendants.

## ORDER

Before the Court are Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion") (Doc. #11) and Plaintiff's Response (Doc. #13). Having reviewed the parties' arguments and applicable legal authority, the Court grants in part and denies in part the Motion.

**I.　　Background**

This dispute arises out of a public employer's termination of a public employee, allegedly stemming from the employee's reporting of sexual harassment and physical assault by her supervisor. In her First Amended Complaint, Plaintiff alleges the following details:

- She commenced her employment with the City of Huntsville Police Department on March 4, 2013, as a patrol officer and was ultimately promoted to senior police officer. Doc. #6 at ¶ 8.
- In 2014, and thereafter, Plaintiff's supervisor Sergeant Eric Scott made repeated sexual advances towards her, which she rejected. *Id.* at ¶ 10. Subsequently, Scott became more aggressive and physically violent towards her at work. *Id.*
- Specifically, in January 2017, Scott placed Plaintiff in an arm bar and pressed the release button on her service weapon, causing the magazine to fall out. *Id.* The next month, Scott performed a leg sweep on Plaintiff, approaching her from behind to kick her legs from under her. *Id.* at ¶ 9. Plaintiff suffered an injury to her elbow resulting from the fall caused by Scott's leg sweep. *Id.* On

- February 28, 2017, Plaintiff submitted a workers' compensation complaint detailing that incident. *Id.*
- On March 3, 2017, Plaintiff reported that Scott had been making repeated sexual advances towards her going back to 2014. *Id.* at ¶ 10. In that same report, she outlined the details of the January 2017 incident. *Id.*
- Plaintiff's sexual harassment complaint was transferred to the City's Human Resources Director Julie O'Connell on March 7, 2017. *Id.* at ¶ 12. After a few discussions with O'Connell, Plaintiff retained counsel. *Id.* at ¶ 12–13. Subsequently, Police Chief Kevin Lunsford—threatening Plaintiff's termination—sent her a memorandum ordering her to meet O'Connell without delay. *Id.* at ¶ 14.
- Plaintiff met with O'Connell and, when prompted, denied that she had been engaged in a romantic relationship with Scott. *Id.* at ¶ 15. Thereafter, Lunsford launched an investigation into whether Plaintiff lied about her relationship with Scott. *Id.* at ¶ 16. Specifically, Plaintiff was asked to submit to a polygraph examination regarding the nature of her relationship with Scott. *Id.* at ¶ 17. After Plaintiff requested the presence of her husband or counsel during the examination, Lunsford suspended Plaintiff and again threatened her termination. *Id.*
- Then, Plaintiff reached out to members of the City of Huntsville City Council regarding her—and other female officers'—poor work environment at the police department. *Id.* at ¶ 18. In response, O'Connell submitted a letter to Plaintiff, with Lunsford copied, warning her not to speak to City Council. *Id.* at ¶ 19.
- On April 18, 2017, Plaintiff submitted to the polygraph examination concerning the nature of her relationship with Scott and failed according to the examiner. *Id.* at ¶ 20. On May 3, 2017, Plaintiff was terminated from her position of senior police officer, and Lunsford reported that she had been "Dishonorably Discharged." *Id.* at ¶ 21.

Notably, Defendants do not present their own timeline or summary of facts in their Motion.

Plaintiff filed her lawsuit against Defendants[1] on December 20, 2017, and later amended her complaint, asserting that (1) she suffered retaliation due to speech protected by the First Amendment (42 U.S.C. § 1983 (West Supp. 2019)), (2) she suffered retaliation for filing a workers' compensation claim (Tex. Labor Code Ann. § 451.001 (West. Supp. 2019)), (3) she suffered retaliation in violation

---

[1] The Motion notes that the City of Huntsville Police Department—a named Defendant in this action—is "not a separate juridical entity subject to suit." Doc. #11 at 1 n.2. Therefore, to the extent that that legal conclusion is valid, this Order will treat all claims asserted by Plaintiff against the Police Department as claims asserted against the City of Huntsville (the "City"), particularly because the City joined in filing the Motion and is on notice of this action.

of Title VII for opposing unlawful employment practices (42 U.S.C. § 2000e-3(a) (West Supp. 2019)), and (4) she suffered retaliation in violation of Title VII for participating in an internal investigation (42 U.S.C. § 2000e-3(a) (West Supp. 2019)). *See* Doc. #6. Now, Defendant Lunsford moves to dismiss Plaintiff's Section 1983 claim, and the City moves to dismiss Plaintiff's Chapter 451 claim and Title VII participation claim. Doc. #11.

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint need only allege facts sufficient to state a claim for relief that is plausible on its face and need not contain detailed factual allegations. *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Significantly, a complaint may proceed even if recovery is very remote and unlikely, so long as the alleged facts raise a right to relief above the speculative level." *Id.* (internal citations omitted).

## III. Analysis

### a. Lunsford is entitled to qualified immunity in his individual capacity regarding Plaintiff's First Amendment retaliation claim asserted under 42 U.S.C. § 1983.

Plaintiff asserts First Amendment retaliation claims under Section 1983 against Lunsford in his individual and official capacities and against the City. Doc. #6 at 6–8. However, Plaintiff's Section 1983 claims against Lunsford in his official capacity and the City are duplicative. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than

name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (internal citations omitted). Accordingly, because the City received notice of Plaintiff's suit against Lunsford in his official capacity (evidenced by the fact that the City joined in the Motion), the Court will treat Plaintiff's Section 1983 claims against Lunsford in his official capacity and the City as the same claim moving forward.[2]

Lunsford, in his personal capacity, moves the Court to dismiss Plaintiff's First Amendment retaliation claim under Section 1983 because he alleges, among other reasons, that he enjoys qualified immunity and is therefore immune from this claim. Doc. #11 at 5–10. "Qualified immunity is a two-step process. The first asks whether the defendant violated the plaintiff's constitutional rights. The second step adds the protection for the defendant that liability attaches only if the right was clearly established." *Sims v. City of Madisonville*, 894 F.3d 632, 638 (5th Cir. 2018). In light of the circumstances of this case, the Court will first address the second prong of the test. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) ("district courts . . . should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first"). Here, the relevant inquiry is whether Lunsford violated a clearly established First Amendment right of Plaintiff when her employment was terminated.

Often, complaints made by a public employee "up the chain of command about conditions in a workplace" are found to be unprotected speech under the First Amendment because those complaints are considered to be undertaken in the course of performing a job. *Johnson v. Halstead*, 911 F.3d 267, 279 (5th Cir. 2018), *rh'g en banc denied*, No. 17-10223, 2019 WL 625144 (5th Cir.

---

[2] The Motion specifically moves to dismiss Plaintiff's Section 1983 claim against Lunsford in his individual capacity and Plaintiff's Chapter 451 and Title VII participation claims against the City. Therefore, this Order addresses only those claims and not Plaintiff's Section 1983 or Title VII opposition claims against the City.

4

Feb. 14, 2019) (holding that a police chief was entitled to qualified immunity on a sergeant's First Amendment retaliation claim because, among other reasons, the alleged harassment suffered by the sergeant arose from internal complaints about racial discrimination). At a minimum, in the Fifth Circuit, it is "not clearly established that an internal complaint . . . made only to supervisors, primarily to vindicate one's own rights," qualifies as protected speech. *Id.*

Nonetheless, a public employee is afforded constitutional protections if she "sp[eaks] as a citizen on a matter of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). For example, "[i]f a public employee takes [her] job concerns to persons outside the work place in addition to raising them up the chain of command at [her] workplace, then those external communications are ordinarily not made as an employee, but as a citizen." *Gibson v. Kilpatrick*, 838 F.3d 476, 482 (5th Cir. 2016). However, if a public employee first makes internal comments in her capacity as employee and then follows those comments with similar external statements that "approximate citizen speech," she "cannot escape the discipline of [her] employer for breach of [her] employee duties by going public with the same speech" because the external public statements are a "continuation" of the statements made earlier as an employee. *Anderson v. Valdez*, 913 F.3d 472, 478 & n.24 (5th Cir. 2019).

Here, Plaintiff alleges that she filed internal complaints—up the chain of command—concerning physical assaults and sexual harassment that she had suffered at the hands of Scott. Doc. #6 at ¶¶ 9–17. Because it is not clearly established law that an internal complaint made only to supervisors—primarily to vindicate one's own rights—qualifies as protected speech under the First Amendment, Lunsford is entitled to qualified immunity concerning Plaintiff's internal complaints up the chain of command. *See Johnson*, 911 F.3d at 279.

In addition to her internal complaints, Plaintiff alleges that she later reached out to members of City Council regarding the poor treatment of herself and other female officers before her

5

employment was terminated. Doc. #6 at ¶¶ 18–21. In other words, her external statements to members of City Council were a "continuation" of the prior complaints she had already submitted up the chain of command in the police department. *Anderson*, 913 F.3d at 478 n.24. Because the Court holds above that it is not clearly established that Plaintiff's internal complaints up the chain of command at the police department qualified as protected speech, it follows that Lunsford is also entitled to qualified immunity concerning Plaintiff's later contact with City Council, which was a continuation of her prior internal complaints. *Id.* at 478.

Accordingly, the Court grants the Motion as to Plaintiff's First Amendment retaliation claim asserted under 42 U.S.C. § 1983 against Lunsford in his individual capacity.

### b. The City of Huntsville as employer is not immune from Plaintiff's retaliation claim asserted under the Texas Labor Code.

Plaintiff also alleges that the City, as her former employer, violated Chapter 451 of the Texas Labor Code when the City retaliated against her for filing a workers' compensation claim. Doc. #6 at ¶¶ 32–34; Tex. Labor Code Ann. § 451.001(1) (West Supp. 2019) ("A person may not discharge or in any other manner discriminate against an employee because the employee has . . . filed a workers' compensation claim in good faith."). In response, the City argues that Plaintiff's claim is barred by immunity. Doc. #11 at 4–5. However, because Plaintiff was employed as a first responder, she may sue the City (*i.e.*, her employer) under Chapter 451. Tex. Labor Code Ann. § 451.0025(b) (West Supp. 2019) ("A first responder who alleges a violation of Section 451.001 by a state or local governmental entity that employs the first responder may sue the governmental entity for the relief provided by this chapter. Sovereign or governmental immunity from suit is waived and abolished to the extent of liability created by this chapter.").[3]

---

[3] As a senior police officer, Plaintiff qualified as a "first responder," which includes "peace officer[s] whose duties include responding rapidly to an emergency." Tex. Gov't Code Ann. § 421.095(1)(A) (West Supp. 2019).

6

Accordingly, because the City is not immune from Plaintiff's Texas Labor Code claim, the Court denies the Motion as to Plaintiff's retaliation claim asserted under Chapter 451 of the Texas Labor Code against the City.

### c. Plaintiff fails to state a claim for relief under Title VII's participation clause against the City that is plausible on its face.

Plaintiff asserts retaliation claims under Title VII's opposition and participation clauses against the City. Doc. #6 at ¶¶ 35–43. Specifically, Plaintiff alleges that the City violated the participation clause because the City fired her "for asserting her right to retain counsel during the course of an *internal* sexual harassment investigation." Doc. #6 at ¶ 42 (emphasis added). Now, the City moves to dismiss Plaintiff's retaliation claim asserted under Title VII's participation clause, alleging that Plaintiff has failed to state a claim for relief that is plausible on its face.

"Under Title VII's antiretaliation provision, protected activity can consist of either: (1) opposing any practice made an unlawful employment practice by this subchapter or (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under this subchapter. The first of these is known as the 'opposition clause;' the second as the 'participation clause.'" *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016) (quoting 42 U.S.C. § 2000e-3(a) (West Supp. 2019)) (cleaned up). However, participation in an internal employer investigation not connected with a formal EEOC proceeding does not qualify as protected activity under the participation clause. *Id.* at 239 n.2; *see Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427–28 (5th Cir. 2000) (finding that the participation clause was "irrelevant" because claimant had not filed a charge with the EEOC before the alleged retaliation, even though he had already complained internally); *Rhone v. Univ. of Texas Med. Branch*, No. 3:15-CV-151, 2017 WL 373520, at *3 (S.D. Tex. Jan. 26, 2017) ("[t]he participation clause does not apply to a purely internal investigation.").

Here, it is not disputed that a formal EEOC charge had not been filed before any alleged retaliation by the City. Additionally, Plaintiff concedes that the City's alleged violation of the participation clause was related to her involvement in an internal City investigation. Doc. #6 at ¶ 42. However, as explained above, participation in an internal employer investigation—absent any connection to a formal EEOC proceeding—does not qualify as protected activity under the participation clause. Accordingly, because Plaintiff has failed to state a claim for relief that is plausible on its face, the Court grants the Motion as to Plaintiff's retaliation claim asserted under Title VII's participation clause against the City.

## IV. Conclusion

For the foregoing reasons, the Motion is hereby granted in part and denied in part. As to Plaintiff's First Amendment retaliation claim asserted under 42 U.S.C. § 1983 against Lunsford in his individual capacity, the Motion is hereby GRANTED, and the claim is DISMISSED. As to Plaintiff's retaliation claim asserted under Title VII's participation clause against the City, the Motion is hereby GRANTED, and the claim is DISMISSED. As to Plaintiff's retaliation claim asserted under Chapter 451 of the Texas Labor Code against the City, the Motion is hereby DENIED.

It is so ORDERED.

Date FEB 1 9 2019

The Honorable Alfred H. Bennett
United States District Judge

8